D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RUTH M. SHERMAN,

                         Plaintiff,                          **MEMORANDUM & ORDER**

                 -against-                              14-cv-6912 (NGG) (JO)

TERRY-ANN THOMAS-BROWN, TAMIKA
KEARSE, JOHN DOE 1 A/K/A UNKNOWN
TSA AGENT 1, JOHN DOE 2 A/K/A
UNKNOWN TSA AGENT 2, and JOHN DOE 3
A/K/A UNKNOWN TSA AGENT 3,

                        Defendants.
------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Ruth Sherman initiated this suit on November 25, 2014, against five "John Doe" agents employed by the Transportation Security Administration (the "TSA"), alleging that they violated her Fourth Amendment rights nearly three years prior during a pre-flight screening at John F. Kennedy International Airport ("JFK Airport"). (Compl. (Dkt. 1).) On September 25, 2015, Plaintiff filed an amended complaint naming two individual TSA agents, Terry-Ann Thomas Brown and Tamika Kearse, as defendants. (Am. Compl. (Dkt. 14).) The filing of the amended complaint occurred nearly four years after the incident and one year after the relevant limitations period had run. Contending that the amended complaint does not relate back to the complaint, Defendants now move for dismissal under Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss ("Mot.") (Dkt. 37); Mem. in Supp. of Mot. ("Mem.") (Dkt. 37-1).) Plaintiff opposes dismissal, claiming that her efforts to identify the TSA agents establish the due diligence required for relation back under these circumstances. (Pl. Opp'n to Mot. ("Pl. Opp'n") (Dkt. 37-

1

2).) Because Plaintiff did not exhibit due diligence in attempting to identify the unnamed TSA agents before the expiration of the statute of limitations, Defendants' motion to dismiss is GRANTED and the case is hereby DISMISSED.

## I. BACKGROUND

Plaintiff asserts a cause of action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Her allegations stem from an alleged incident during security screening at JFK Airport on November 29, 2011. (Am. Compl. ¶ 2.) Plaintiff travels in a wheelchair and has a colostomy bag attached to her body, something which required her to opt for an alternate screening process at the TSA security checkpoint. (Id. ¶ 17.) She alleges that, during that screening process, TSA agents detained her in a private room, "strip-searched" her, and closely inspected her colostomy bag, thereby violating both TSA policy and her Fourth Amendment right to be free from unreasonable search and seizure. (Id. ¶¶ 19-24.)

Nearly three years later, on November 25, 2014, Plaintiff initiated the instant suit against five unnamed "John Doe" defendants. As Plaintiff concedes, her Bivens claims have a three-year statute of limitations that expired four days later, on November 29, 2014. (Pl. Opp'n ¶ 4 ("It is uncontroverted that the applicable statute of limitation . . . is three years.").) The following week, the Clerk of Court signed and issued Plaintiff's proposed summons form addressed to "Unknown TSA Agent 1 through 5: C/O the U.S. Attorney for the Eastern District of N.Y.," which was thereafter served on the U.S. Attorney's Office for the Eastern District. (Summons (Dkt. 2); Proof of Service (Dkt. 5).) The docket then remained dormant for several months until March 20, 2015, when Magistrate Judge Orenstein issued an order noting the inactivity and directing that by April 17, 2015, an answer be filed, the parties stipulate to an extension

extending the time to answer, or Plaintiff file a request for a certificate of default. (Mar. 20, 2015, Order.)

In response, the U.S. Attorney's Office ("USAO") filed a two-page "Letter Motion to Dismiss" asserting that no party had been served under Rule 4 of the Federal Rules of Civil Procedure and noting that, while it had received the summons addressed to "John Doe" defendants, it did not represent any named party in the action. (Defs. Apr. 15, 2015, Letter Mot. to Dismiss ("Ltr.") (Dkt. 6).) The letter also stated that on February 3, 2015, the USAO had advised Plaintiff's counsel of its position that, because no named defendant had been identified or served, there existed no defendant with an obligation to answer the complaint. (Id. at 1.) Plaintiff's counsel apparently never responded to that letter. (Id. at 2.) Plaintiff did, however, promptly oppose the Letter Motion to Dismiss, admitting that she had not effected service under Rule 4, but claiming that despite

> having exercised due diligence by requesting the identity of the [unknown defendants] in a prior [Freedom of Information Act ("FOIA")] request . . . made to the United States via the Department of Homeland Security and the Transportation Safety Administration, same was not responded to, and the Plaintiff has, therefore, been unable to ascertain the identities of these presently unknown defendants.

(Apr. 15, 2015, Pl. Letter (Dkt. 7) at 1.) In the same filing, Plaintiff requested an extension of time to serve the individual TSA agents and make an "additional FOIA request relative to these parties." (Id.) The following month, on May 14, 2015, Judge Orenstein held a conference with both Plaintiff and the government in attendance, during which he noted an unresolved factual dispute concerning whether Plaintiff acted with diligence in seeking to identify the unnamed defendants, as required by Hogan v. Fischer, 738 F.3d 590 (2d Cir. 2013), and granted Plaintiff

3

an additional 60 days to serve process "without prejudice to the right of any defendant to contest the timeliness of [P]laintiff's claims." (May 14, 2015, Min. Entry (Dkt. 10).)

Upon expiration of that additional 60 days, Plaintiff filed a second motion to extend time for service, contending that on April 30, 2015, she had submitted a second FOIA request to the TSA but had not yet received a response despite various attempts by her counsel to follow up. (Pl. Mot. for Extension of Time to File (Dkt. 11).) Plaintiff attached the April 30 FOIA request to her motion, which in turn attached her previous, January 23, 2012, FOIA request (the "2012 FOIA Request") and related correspondence.[1] (Id. at 3-22). Notably, the 2012 FOIA Request was the only request for information made within the limitations period. (See Pl. Opp'n ¶¶ 18, 21.)

Judge Orenstein granted Plaintiff's second motion to extend time to serve process and scheduled a status conference for the following week. (See July 16, 2015, Order.) During that conference, Judge Orenstein ordered the USAO to provide Plaintiff with the names of the TSA agents in question by the end of the following week, apparently upon confirming that the TSA had already identified the agents in question. (See July 23, 2015, Min. Entry (Dkt. 12).) The government complied and later provided the individuals' addresses and the operating hours during which the individuals could be served.[2] (See Status Report (Dkt. 17).) Finally, on September 28, 2015, Plaintiff filed the amended complaint, naming the two TSA officers, Terry-Ann Thomas-Brown and Tamika Kearse, as defendants. (See Am. Compl.)

---

[1] The related correspondence is not ultimately necessary for the court's determination of Defendants' motion to dismiss. See infra note 3.
[2] There is no indication on the docket that the individual defendants were actually served, although summons forms did issue as to each. (See Am. Summons (Dkt. 20).)

4

Thomas-Brown and Kearse promptly sought and received leave to file a motion to dismiss the amended complaint on the grounds that the amendment adding them as defendants did not relate back to the original pleading and was therefore untimely. (Defs. Nov. 24, 2015, Letter (Dkt. 21); Dec. 29, 2015, Order (Dkt. 24).) All parties subsequently sought and received lengthy extensions of time for serving and filing their briefs on the matter. Ultimately, on July 20, 2016, Thomas-Brown and Kearse filed a fully briefed motion to dismiss, which is currently before the court. (Mot.)

## II. LEGAL STANDARD

The purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to test the legal sufficiency of a plaintiff's claims for relief. Patane v. Clark, 508 F.3d 106, 112-13 (2d Cir. 2007). A complaint will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

When considering a motion to dismiss for failure to state a claim, the court must accept as true all allegations of fact in the complaint and draw all reasonable inferences in favor of the plaintiff. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). "In determining the adequacy of the complaint, the court may consider any written instrument attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as documents upon which the complaint relies and which are integral to the complaint." Subaru Distribs. Corp. v. Subaru of Am., Inc., 425 F.3d 119, 122 (2d Cir. 2005).

## III. DISCUSSION

### A. Extraneous Documents

When considering a Rule 12(b)(6) motion to dismiss, the court may consider only limited materials, including "the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). When a party introduces extrinsic materials on a motion to dismiss, the court must either exclude those materials and decide the motion on the basis of the pleadings before it or convert the motion into one for summary judgment and provide all parties with the opportunity to present additional evidence. Fonte v. Bd. of Managers of Cont'l Towers Condo., 848 F.2d 24, 25 (2d Cir. 1988). "[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a document upon which she relies and which is integral to the complaint, the court may nevertheless take that document into consideration in deciding a defendant's motion to dismiss, without converting the motion into one for summary judgment." Potente v. Citibank N.A., — F. Supp. 3d —, 2017 WL 4736735, at *3 (E.D.N.Y. 2017). Documents are "integral" to the complaint if the complaint "relies heavily upon [their] terms and effect," so long as these documents are undisputedly authentic and accurate. DiFolco, 622 F.3d at 104 (quoting Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006)).

Plaintiff did not attach any documentation to the complaint. Following the filing of the complaint, however, Plaintiff requested additional time to serve the then-unknown defendants, stating that Plaintiff still did not know their identities "despite Plaintiff having exercised due diligence by requesting the identity of these individuals in a prior FOIA request." (Apr. 15, 2015, Pl. Letter at 1.) Plaintiff reiterated this contention in a subsequent letter. (May 12, 2015, Pl. Letter (Dkt. 9) at 2-3.) Following these letters, Judge Orenstein stated that he would permit

an amended complaint with the TSA agents' identities "if the plaintiff can demonstrate diligence in seeking to identify those officers within the limitations period." (May 14, 2015, Min. Entry (Dkt. 10).) In response, Plaintiff submitted a copy of a April 30, 2015, FOIA request to the TSA, which included a copy of the 2012 FOIA Request.[3] (July 15, 2015, Pl. Letter (Dkt. 11 at ECF p.1); Apr. 30, 2015, Pl. FOIA Req. (Dkt. 11 at ECF p.3); Jan. 23, 2012, Pl. FOIA Req. (Dkt. 11 at ECF p.5).) Judge Orenstein subsequently ordered the government to produce the names of the defendants and permitted Plaintiff to submit an amended complaint. (July 23, 2015, Min. Entry.)

This information was plainly integral to Plaintiff's amended complaint. Judge Orenstein did not grant Plaintiff's motion to amend the complaint until after she produced evidence purporting to show her diligence and difficulty in ascertaining Defendants' identities. While the amended complaint does not explicitly mention Plaintiff's asserted diligence, the fact that the amended complaint was filed at all, and that it features the identities of the TSA agents in the caption, shows that Plaintiff "relied upon those documents in framing the [amended] complaint." See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002). There is also "no dispute regarding the authenticity or accuracy of the document," DiFolco, 622 F.3d at 111, as indicated by Defendants' reference to the 2012 FOIA Request in their motion to dismiss. (See Mem. at 8.) Finally, while the parties dispute whether the 2012 FOIA Request allows Plaintiff to relate back the amended complaint to the filing of her complaint, there are "no material disputed issues of fact regarding the relevance of the document." See Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir.

---

[3] Plaintiff also submitted further documentation related to her April 30, 2015, FOIA request. (See May 6, 2015, Emails (Dkt. 11 at ECF p.9); Receipt of Apr. 30, 2015, FOIA Req. (Dkt. 11 at ECF p.12); Release of Information Authorization (Dkt. 11 at ECF p.16); May 7, 2015, Emails (Dkt. 11 at ECF p.19).) As this information is not necessary for the consideration of Defendants' motion to dismiss, the court is not compelled to decide whether this extrinsic evidence is integral to the amended complaint.

7

2006). Consequently, the court may consider Plaintiff's 2012 FOIA Request without converting Defendants' motion to dismiss into a motion for summary judgment.

B. **Relation Back**

The parties agree that in order for Plaintiff's claims against the named TSA agents to be timely, they must relate back to Plaintiff's initial pleading under Federal Rule of Civil Procedure 15. Both sides acknowledge that Plaintiff's initial pleading fell within the limitations period and that her amended complaint fell after the period's expiration.

"Rule 15(c)(1)(C) provides the federal standard for relation back." Hogan, 738 F.3d at 517. Under this rule, a plaintiff who wishes to relate back a complaint that has been amended to add a new party must demonstrate, among other things, that the party "should have known that, but for a mistake of identity, the original action would have been brought against it." Id. (emphasis added). That provision is irrelevant here, however, because "failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." Id. at 517-18 (emphasis added) (citing Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 468-69 (2d Cir. 1995)). Accordingly, Plaintiff may not rely on Rule 15(c)(1)(C) for the relation back of her amended complaint.

Rule 15(c)(1)(A), however, allows for the relation back of an amendment if it is permitted under "the entire body of limitations law that provides the applicable statute of limitations." Id. at 518. Bivens suits, like § 1983 actions, borrow their limitations period from New York State's three-year limitations period applicable to physical injury suits, see Gonzalez v. Hasty, 802 F.3d 212, 219-20 (2d Cir. 2015), so the court turns to state law to answer the question of whether relation back is permissible in this context. The New York Civil Practice Law and Rules ("CPLR") provides:

8

> A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

CPLR 1024. "New York courts have interpreted this section to permit John Doe substitutions nunc pro tunc." Hogan, 738 F.3d at 518-19.

To take advantage of CPLR 1024, a party must: (1) "exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name," and (2) "describe the John Doe party 'in such form as will fairly apprise the party that he is the intended defendant.'" Id. at 519 (alteration adopted) (quoting Bumpus v. N.Y.C. Transit Auth., 883 N.Y.S.2d 99, 104 (App. Div. 2009)). As discussed below, Plaintiff does not meet the due-diligence requirement. Thus, her amended complaint cannot relate back and, accordingly, it is time-barred by the statute of limitations.

1. Due Diligence

"Section 1024's 'due diligence' requirement is not forgiving." Barrett v. City of Newburgh, — F. App'x —, 2017 WL 6540497, at *3 (2d Cir. 2017) (summary order). Under this requirement, a plaintiff must "show that he or she made timely efforts to identify the correct party before the statute of limitations expired." Strada v. City of New York, No. 11-CV-5735 (MKB), 2014 WL 3490306, at *5 (E.D.N.Y. July 11, 2014) (internal quotation marks omitted). "A plaintiff exercising due diligence will take concrete and timely steps to ascertain an officer defendant['s] identity, for example by submitting multiple discovery demands, requests under state or federal Freedom of Information laws, or requests to the Attorney General's office." Barrett, — F. App'x —, 2017 WL 6540497, at *3. Diligence after the limitations period has

9

ended cannot compensate for a prior lack of diligence. Galberth v. Washington, No. 14-CV-691 (KPF), 2016 WL 1255738, at *11 (S.D.N.Y. Mar. 29, 2016).

A party generally cannot satisfy the due-diligence requirement by making a single unsuccessful request for information. See Colson v. Haber, No. 13-CV-5394 (JG), 2016 WL 236220, at *4 n.3 (E.D.N.Y. Jan. 20, 2016) ("The mere making of discovery requests does not, by itself, satisfy the due diligence requirement."); JCG v. Ercole, No. 11-CV-6844 (CM) (JLC), 2014 WL 1630815, at *14 (S.D.N.Y. Apr. 24, 2014) (finding no due diligence where the plaintiff submitted one unanswered freedom-of-information request), report and rec. adopted, 2014 WL 2769120 (June 18, 2014); Temple v. N.Y. Cmty. Hosp., 933 N.Y.S.2d 321, 323 (App. Div. 2011) ("[W]hen the responses received were less than adequate, the plaintiff failed to promptly seek further discovery."). Courts are more likely to find due diligence where the moving party has made numerous attempts to ascertain the identity of unknown defendants, even if these attempts are frustrated until after the limitations period has expired. See, e.g., Hogan, 738 F.3d at 519 (finding due diligence where the plaintiff "submitted multiple discovery requests" to which the defendants did not respond); Colson, 2016 WL 236220, at *4 (finding due diligence after the plaintiff submitted several requests for information, some of which were unanswered); Wilson v. City of New York, No. 03-CV-2495 (RLC), 2006 WL 2528468, at *3 (S.D.N.Y. Aug. 31, 2006) (finding due diligence in light of "several unanswered discovery requests"). The fact that a party waited until the "eleventh hour" to file a lawsuit may weigh against their claim of due diligence. See Olivo v. City of New York, No. 14-CV-4966 (ERK), 2015 WL 4645271, at *5 (E.D.N.Y. Aug. 4, 2015).

2. <u>Application</u>

In between the accrual of Plaintiff's claim on November 29, 2011, and the expiration of the limitations period three years later, Plaintiff appears to have made only one attempt to discover Thomas-Brown and Kearse's identities: a "comprehensive FOIA request" submitted to the United States Department of Homeland Security and the TSA on January 23, 2012. (Pl. Opp'n ¶¶ 6, 18.) Plaintiff never heard back from these agencies and took no further action over the following thirty-four months to ascertain these defendants' identities before filing her lawsuit four days prior to the expiration of the limitations period. (See id. ¶ 18.) The court concludes that Plaintiff's course of action does not show that she exhibited the required due diligence.

Under Plaintiff's reading of the law, the mere fact that she submitted the 2012 FOIA Request "most certainly" establishes her due diligence. (Id. ¶ 21.) But this view is incorrect. When faced with a lack of response from the agencies to which Plaintiff submitted the 2012 FOIA Request, Plaintiff should have done more than sit on her hands until filing suit almost three years later. Plaintiff says that she was constrained in her ability to take further action due to the government's purported sovereign immunity (id. ¶ 22), but this claim is irrelevant to the question of whether there was <u>anything</u> else Plaintiff could have done to attempt to ascertain the TSA agents' identities. She could have submitted another freedom-of-information request, followed up with the agencies to which she submitted the 2012 FOIA Request, or commenced this lawsuit sooner. See Temple, 933 N.Y.S.2d at 323 (finding no due diligence because, following "less than adequate" responses to the plaintiff's requests for information, "the plaintiff failed to promptly seek further discovery, neglected to submit a properly executed authorization to the disclosing party, and failed to properly and promptly seek assistance from the Supreme Court"); cf. Morales v. City of New York, No. 155438/15, 2017 N.Y. Misc. LEXIS 586, at *3-4

11

(Sup. Ct. Feb. 14, 2017) (finding due diligence where plaintiff made continuous phone calls to agency over a year-long period and sent a follow-up email inquiring into the status of her request after receiving no response to her initial freedom-of-information request). The court is unsure whether these efforts would have yielded the sought identities within the limitations period but, at the very least, they might have established Plaintiff's diligence as required under the law.

To the extent Plaintiff suggests that filing suit sooner would have been fruitless, she ignores an obvious counterexample from the present case. Plaintiff implies that initiating suit would not have adduced due diligence because the TSA and other governmental entities are immune from her Bivens claims. On that basis she asserts that she could only propound discovery requests after "at least one of the John Doe defendant's identities was revealed." (See Pl. Opp'n ¶ 22.) To the contrary, initiating suit earlier would have allowed the Court to assist her without a formal discovery request and despite the government's immunity, which is exactly what happened here when Judge Orenstein ordered disclosure of Thomas-Brown and Kearse's identities. (See July 23, 2015, Min. Entry.) Similarly, Plaintiff's passing reference to a previously dismissed "federal tort claim action . . . emanating from the same set of facts" against the government, presumably in the Court of Federal Claims, does not weigh towards a finding of due diligence. (Pl. Opp'n ¶ 26.) Suing Defendants' employer, without more, does not contribute to diligent efforts to discover their identities.

Because Plaintiff failed to exercise any efforts to identify the TSA agents beyond the 2012 FOIA Request, waited until the "eleventh hour" to file her complaint, and was not impeded by any extraordinary circumstances, she has not satisfied the due-diligence requirement of CPLR 1024. Her amendment naming Thomas-Brown and Kearse is therefore time-barred and the court need not discuss the second prong of the CPLR 1024 analysis, see Hogan, 738 F.3d

at 519. Any amendment seeking to replace the remaining Doe defendants would be futile for the same reasons.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for failure to state a claim (Dkt. 37) is GRANTED. The amended complaint is therefore DISMISSED and the Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
March 8, 2018

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge